The document below is hereby signed.

Signed: May 13, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RITA ELAINE HARDY, | ) | Case No. 08-00346 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER REQUIRING DEBTOR TO
<u>RE-SERVE OBJECTION TO CLAIM OF CITIFINANCIAL AUTO CORPORATION</u>

The debtor mailed her objection to the amended proof of claim of CitiFinancial Auto Corporation to an attorney who had represented that creditor with respect to a motion for relief from the automatic stay.  That attorney, however, had not filed the amended proof of claim.  The amended proof of claim (as well as the original proof of claim) indicated that notices were to be sent to:

    CitiFinancial Auto Corporation
    P.O. Box 9578
    Coppell, TX 75019-9578

Accordingly, the debtor has not made proper service under Rule 3007.

On the merits, the debtor challenges the validity of the amended proof of claim by asserting:

> [T]he debtor disputes the amount claimed in the Proof
> of Claim.  The 2004 Lexus ES automobile serial number
> JTHBA30G445051299, which was the basis for the Proof of
> Claim was returned to the creditor and is presumed to
> have been sold.

But the amended proof of claim is consistent with the automobile having been sold.  The original proof of claim asserted a secured claim of $28,917.95 as of the petition date.  The amended proof of claim was filed more than a year after the creditor filed a notice that there had been a default that permitted it, pursuant to the terms of a consent order, to treat the automatic stay as having been terminated to permit it to repossess and sell the automobile.  The amended proof of claim asserted an unsecured claim of $20,391.18, and this presumably reflects that after costs of repossession and auctioneering, slightly more than $8,500 was realized from the sale of the collateral.  The amended proof of claim is prima facie correct, and the debtor has alleged no facts and filed no affidavits to rebut the prima facie validity of the amended proof of claim.  Even if there had been proper service and the objection had stated valid grounds for disallowing the claim, the lack of affidavits rebutting the prima facie validity of the amended proof of claim would require that the court not sustain the objection without an evidentiary hearing.

The amended proof of claim includes a toll-free telephone number for contacting the creditor.  The objection to the amended

proof of claim gives no indication that the debtor's attorney has contacted the creditor to discuss any of the concerns of the debtor regarding the accuracy of the amended proof of claim.  It is thus

    ORDERED that by June 1, 2010, the debtor shall serve the objection to claim anew, amending the objection to state facts that would be a basis for disallowing the claim.  It is further

    ORDERED that the hearing on the present objection to the amended proof of claim is canceled.

                                                   [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; and

CitiFinancial Auto Corporation
P.O. Box 9578
Coppell, TX 75019-9578